UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Moses Clark,     Case No. 1:17-cv-2078

    Petitioner,

v.     MEMORANDUM OPINION
AND ORDER

Tim Buchanan, Warden,

    Respondent.

## I.    INTRODUCTION

Petitioner Moses Clark filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction on charges of rape and kidnapping with sexual motivation and firearm specifications in the Cuyahoga County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge Jonathan D. Greenberg reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 8). Clark filed objections to Judge Greenberg's Report and Recommendation. (Doc. No. 11). For the reasons stated below, I overrule Clark's objections and adopt Judge Greenberg's Report and Recommendation.

## II.    BACKGROUND

In 2015, Clark was indicted on three counts of rape and three counts of kidnapping with sexual motivation specifications; those charges included firearms, repeat violent offender, and sexually violent offender specifications. The charges related to three incidents in October 2006 in which a man with a gun forced women into a car and raped them. The attacker's DNA was

collected from each of the victims at the time of the assault, but the attacker's identity was unknown until August 27, 2014, when the Ohio Bureau of Criminal Identification and Investigation contacted the Cuyahoga County Prosecutor's Office to inform that office that the DNA from the rapes matched Clark's DNA. *Ohio v. Clark*, 67 N.E.3d 182, 187, 194 (Ohio Ct. App. 2016). He was convicted on all counts and sentenced to an aggregate sentence of 36 years to life.

Clark does not object to Judge Greenberg's description of the factual and procedural background of his state court proceedings. Therefore, I adopt those sections of the Report and Recommendation in full. (Doc. No. 8 at 1-9).

### III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

2

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). "The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(e)(1)).

Clark presents the following grounds for relief:

**Ground One**: The Petitioner was denied his Fifth and Fourteenth Amendment [rights under] . . . the United States Constitution [through the] denial of his Motion [to dismiss] for Pre-Indictment Delay.

**Ground Two**: The Petitioner was denied effective assistance of appellate counsel on his first appeal as of right when he failed to properly raise his constitutional right [under] the Confrontation Clause.

(Doc. No. 1 at 5, 9).

### A. GROUND ONE

Judge Greenberg recommends I deny Clark's petition as to Ground One because the state court's rejection of Clark's due-process claim was not contrary to or an unreasonable application of clearly established federal law. Clark objects, arguing the passage of nine years between the incidents and his indictment was unjustifiable and that he should not be required to bear the burden of demonstrating what evidence has been lost due to the delay. (Doc. No. 11 at 5-9).

A lengthy delay between the date of an offense and the defendant's indictment on charges related to that offense violates the Due Process Clause of the Fifth Amendment if the defendant was actually prejudiced by the delay and the delay was due to the prosecution's desire to "gain tactical advantage over the accused." *United States v. Atisha*, 804 F.2d 920, 928 (6th Cir. 1986) (quoting *United States v. Lovasco*, 431 U.S 783, 791 (1983)). By comparison, "to prosecute a defendant

3

following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." *Lovasco*, 431 U.S. at 796; *see id.* at 795 ("In our view, investigative delay is fundamentally unlike delay undertaken by the Government solely 'to gain tactical advantage over the accused,' precisely because investigative delay is not so one-sided. Rather than deviating from elementary standards of 'fair play and decency,' a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt." (citation omitted)).

On appeal, Clark argued he was prejudiced by the death of one of the victims and by another victims' "foggy memories." *Ohio v. Clark*, 67 N.E.3d at 194. The state appellate court concluded Clark failed to show he actually was prejudiced by the pre-indictment delay and offered nothing more than speculation that exculpatory evidence had been lost. *Id.*

The court of appeals distinguished Clark's case from others in which evidence was lost between the date of the offense and the date of the trial and concluded that perhaps the most important distinction "is that Clark's identity as the serial rapist was unknown until August 27, 2014, and he was indicted shortly thereafter on January 7, 2015, after an investigation and re-verification of the DNA matches." *Ohio v. Clark*, 67 N.E.3d at 194 (Ohio Ct. App. 2016). That is, the prosecutor's office did not simply fail or refuse to take action for a substantial period of time and then subsequently sought an indictment based upon the same evidence that had been available previously. Instead, the court of appeals concluded, the prosecutor's office did not delay in pursuing an indictment in the cases after obtaining evidence of the identity of the individual who committed the rapes.

The court of appeals concluded the lapse of nine years between the offenses and Clark's indictment was a matter of investigative delay and was not due to a desire to gain tactical advantage. While Clark may disagree with the conclusion, it is his burden to show the appellate court's decision

was contrary to or involved an unreasonable application of clearly established federal law. He has not done so and, therefore, I overrule his objection.

### B. GROUND TWO

Judge Greenberg recommends I conclude Ground Two is barred by the procedural-default rule because the court of appeals rejected Clark's ineffective-assistance-of-appellate-counsel claim as barred from further review by the doctrine of res judicata and because the court of appeals separately concluded Clark had failed to comply with Ohio Appellate Rule 26(B)(2)(d) by failing to file a sworn statement attesting to the basis for his ineffective-assistance claim. (Doc. No. 8 at 13-20). Judge Greenberg further recommends I conclude Clark has failed to establish cause and prejudice to excuse his procedural default. (*Id.* at 20-21). Clark objects, arguing pro se defendants should not have their motions barred by technical rule violations and that Ohio courts have previously overlooked the Appellate Rule 26(B)(2)(d) sworn-statement requirement. (Doc. No. 11 at 1-3).

The procedural default rule bars a federal habeas petitioner's claims if (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules, or (2) if the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).

While the state court's application of the res-judicata doctrine to claims Clark brought and litigated on direct appeal cannot serve as the basis for procedural default in federal court, *Lundgren v. Mitchell*, 440 F.3d 754, 765 n.2 (6th Cir. 2006), Clark's failure to comply with Appellate Rule 26(B)(2)(d) can. That rule "mandates that the applicant must attach to the application for reopening

5

'a sworn statement of the basis for the claim that appellate counsel's representation was deficient.'" *Ohio v. Clark*, 2017 WL 242006, *3 (Ohio Ct. App. Jan. 18, 2017) (quoting *Ohio v. Doles*, 665 N.E.2d 197, 198 (Ohio 1996)).

The appellate court's alternate rejection of Clark's petition for collateral review due to his failure to comply with Appellate Rule 26(B)(2)(d) forecloses federal habeas review of Clark's second ground for relief. *See, e.g., Fox v. Warden, Belmont Corr. Inst.*, No. 2:19-CV-00901, 2020 WL 127647, at *12 (S.D. Ohio Jan. 10, 2020), *report and recommendation adopted,* No. 2:19-CV-00901, 2020 WL 565010 (S.D. Ohio Feb. 5, 2020) ("Time and again, District Courts have held that a petitioner's failure to comply with Rule 26(B)(2)(d) results in procedural default of a claim."); *Grant v. Sheldon*, No. 1:11CV942, 2012 WL 3495387, at *12 (N.D. Ohio June 11, 2012), *report and recommendation adopted,* No. 1:11CV942, 2012 WL 3494194 (N.D. Ohio Aug. 15, 2012) ("[A] review of Ohio caselaw shows that the affidavit requirement in Rule 26(B) applications is well-established and regularly enforced.").

Further, Clark cannot establish cause and prejudice to excuse his procedural default. He argues that, as a pro se litigant, he should not be required to strictly comply with Ohio's procedural requirements. (Doc. No. 11 at 2-3). This argument falls short. A litigant's pro se status, ignorance of the law, or ignorance of procedural requirements are insufficient reasons to establish cause to excuse the litigant's procedural default. *See, e.g., Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

Therefore, I overrule Clark's objection to Judge Greenberg's recommendation as to Ground Two.

## V.  CONCLUSION

For the reasons stated above, I overrule Clark's objections, (Doc. No. 11), to Judge Greenberg's Report and Recommendation, (Doc. No. 8), and adopt the Report and

Recommendation in full. I conclude Clark's first ground for relief lacks merit and his second ground for relief has been procedurally defaulted.

I also conclude Clark fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
